UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
THE PHOENIX INSURANCE COMPANY,

                                               Docket No.:

                         Plaintiff,
     -against-

COLONY INSURANCE COMPANY,

                         Defendant.
-------------------------------------------------------------------X

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, THE PHOENIX INSURANCE COMPANY ("Travelers"), and for its Complaint

for Declaratory Judgment against Defendant, COLONY INSURANCE COMPANY ("Colony"),

alleges upon information and belief as follows:

### Nature of the Action

1.     Travelers is providing a defense to the New York City Transit Authority

("NYCTA"), the City of New York ("NYC") and the Metropolitan Transit Authority ("MTA"), in

an action titled *Browne v. Citnalta Construction Corp., et al.,* in the Supreme Court of the State of

New York, County of Bronx, Index No. 816794/2022E (the "Underlying Action").

2.     In the instant action, Travelers seeks a declaration that Colony is obligated to

defend and to indemnify Citnalta-Tap Joint Venture ("Citnalta") and Citnalta's additional insureds

the NYCTA, NYC and the MTA, on a primary and non-contributory basis, in connection with the

Underlying Action in which the underlying plaintiff, Gwenneth Browne (the "Claimant") asserts

claims for injuries, and that, and that Travelers is entitled to judgment for all defense and indemnity

costs incurred on behalf of Citnalta, the NYCTA, NYC and the MTA in said action.

### Parties

1

3.      At all times relevant hereto, The Phoenix Insurance Company was and is a Connecticut corporation licensed and authorized to write insurance and conduct business in the State of New York with a principal place of business in Hartford, Connecticut.

4.      Upon information and belief, at all times relevant hereto, Colony was and is a Virginia corporation with a principal place of business in Richmond, Virginia.

## Jurisdiction and Venue

5.      This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. section 1332 and 28 U.S.C. Section 2201.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to this claim occurred here.

7.      An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Defendant Colony.

8.      Plaintiff Travelers has no other adequate remedy at law.

## Insurance Policies

9.      Upon information and belief, Colony issued a commercial general liability insurance policy bearing policy number 600-GL-0019958-04 to Superior Steel Door & Trim Co, Inc. ("Superior") with effective dates of September 15, 2021 to September 15, 2022 (the "Colony Policy"). Colony also issued an excess liability policy to Superior bearing no. AR3482068 with the same effective dates.

10.     Upon information and belief, the Colony Policy is subject to certain terms, conditions, and exclusions that generally provide coverage for bodily injury that takes place during the policy period and is caused by an accident.

11.     Upon information and belief, the Colony Policy contains a blanket endorsement that provides "additional insured" coverage to "all persons or organizations as required by written contract with the Named Insured" but only with respect to liability for bodily injury "caused, in whole or in part, by" the acts or omissions of Superior or those acting on Superior's behalf in the performance of Superior's ongoing work.

12.     Upon information and belief, the Colony Policy contains a Primary and Non Contributory – Other Insurance Condition endorsement which likely amends the Colony Policy to provide that such coverage is primary to and will not seek contribution from any other insurance available to an additional insured.

13.     The Travelers Indemnity Company issued a commercial general liability insurance policy to Citnalta bearing policy number DTHCO8N914887 with effective dates of November 12, 2020 to November 12, 2021.

14.     Subject to certain terms, conditions, and exclusions, the Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

15.     The Travelers Policy contains excess "other insurance" provisions which provide that coverage under the Travelers Policy is excess over any other coverage available to Citnalta where it has been added as an "additional insured."

**BACKGROUND FACTS**

16.     Prior to the alleged accident in the Underlying Action, Citnalta and Superior entered into a written agreement, pursuant to which Superior agreed to perform steel curtain wall work in connection with the construction project at the 170th Street Station in the Bronx, New York.

17.     The terms of the contract required Superior to maintain general liability insurance

that named Citnalta as an "additional insured." This insurance applies on a primary and non-contributory basis.

18.     The terms of the contract further require Superior to defend, indemnify and hold Citnalta harmless against all claims arising out of or resulting from the performance of Superior's work.

19.     Claimant filed a complaint against Citnalta, Superior, NYCTA, NYC and the MTA in the Underlying Action alleging that, on or about November 11, 2021, she was injured when a clamp fell on her head while she was walking under the elevated #4 line subway station at 170th Street and Jerome Avenue, Bronx, New York (the "Premises"). A true copy of the Verified Complaint in the Underlying Action is attached hereto as **Exhibit "A"**.

20.     In her Bill of Particulars, the Claimant has attributed her accident to the defendants' purported negligence in allowing and permitting a dangerous and hazardous condition within the construction area, specifically the dropping of a metal clamp from the work platform above, to exist and remain within said Premises, which was part of the work performed or being performed by Superior. She alleges that, as a result of her accident, she sustained lumbar spine disc bulges, protrusions and herniations, a concussion. She alleges that she underwent an anterior cervical diskectomy and fusion as a result of the accident. A true copy of the Verified Bill of Particulars in the Underlying Action is attached hereto as **Exhibit "B"**.

21.     Travelers is defending Citnalta, NYCTA, NYC, and the MTA in connection with the Underlying Action.

22.     In the Underlying Action, the Claimant seeks to impose liability on NYCTA, NYC, and the MTA for alleged bodily injury with respect to operations performed by or on behalf of Superior.

## TENDERS TO COLONY

23.     By correspondence dated January 4, 2022, Travelers tendered the defense and indemnity of Citnalta, NYCTA, NYC, and the MTA to Colony and Superior.

24.     By correspondence dated January 5, 2022, Colony sent Superior a letter acknowledging Travelers' tender demand, reserving Colony's rights and stating that further investigation of the claim is underway.

25.     By correspondence dated January 24, 2022, Colony sent a denial letter to Travelers and Citnalta.

26.     On December 2, 2022, the MTA sent a letter to Travelers seeking the defense and indemnification of the MTA, NYCTA and NYC under the Travelers Policy.

27.     On February 15, 2023, Travelers sent a letter to the MTA and Citnalta in which Travelers accepted the defense, indemnity and additional insured status of NYCTA, NYC, and the MTA in the Underlying Action under a complete reservation of rights.

28.     Travelers subsequently renewed its tender to Colony on countless occasions, but, to date, Colony still refuses to provide a defense and indemnity to Citnalta, NYCTA, NYC, and the MTA under the Colony Policy.

29.     Colony has refused to provide "additional insured" coverage to Citnalta, NYCTA, NYC, and the MTA under the Colony Policy.

30.     Colony has refused to provide a defense to Citnalta, NYCTA, NYC, and the MTA under the Colony Policy.

## CAUSE OF ACTION FOR DECLARATORY RELIEF

31.     Travelers repeats, realleges, and incorporates each and every allegation contained in paragraphs "1" through "29" above as if fully set forth herein.

32.     Citnalta, NYCTA, NYC, and the MTA each qualify as an "additional insured" under the Colony Policy.

33.     The coverages provided to Citnalta, NYCTA, NYC, and the MTA under the Colony Policy are primary and non-contributory with any coverage provided by the Travelers Policy.

34.     Accordingly, Travelers seeks a declaration that Colony has an obligation to defend and indemnify Citnalta, NYCTA, NYC, and the MTA as "additional insureds" under the Colony Policy; that the coverages provided by the Colony Policy to Citnalta, NYCTA, NYC, and the MTA are primary and non-contributory; and that the obligations of Travelers to Citnalta, NYCTA, NYC, and the MTA in the Underlying Action are excess to proper exhaustion and full payment of the limits of the Colony Policy.

35.     In addition, Travelers seeks an award at law and in equity against Colony for recovery of all sums Travelers has paid in the defense of Citnalta in the Underlying Action because the coverages provided by the Colony Policy are primary to any coverage provided by Travelers.

36.     Further, Travelers seeks an award at law and in equity against Colony for recovery of all sums Travelers has paid and continues to pay in the defense of NYCTA, NYC, and the MTA in the Underlying Action because the coverages provided by the Colony Policy are primary to any coverage provided by Travelers.

WHEREFORE, Plaintiff Travelers respectfully requests that this Court issue judgment as follows:

1.     Declaring that Citnalta, NYCTA, NYC, and the MTA are "additional insureds" under the Colony Policy to whom Colony owes coverage with respect to the Underlying Action;

2.     Declaring that Colony has a duty to defend Citnalta, NYCTA, NYC, and the MTA

in the Underlying Action up to and including the respective policy limits of the Colony Policy;

3.      Declaring that all coverage owed by Colony to Citnalta, NYCTA, NYC, and the MTA with respect to the Underlying Action is primary to any coverage provided by Travelers to Citnalta, NYCTA, NYC, and the MTA;

4.      Declaring that the obligations of Colony to Citnalta, NYCTA, NYC, and the MTA with respect to the Underlying Action are primary to any obligations of Travelers to Citnalta, NYCTA, NYC, and the MTA;

5.      Declaring that the obligations of Travelers to Citnalta, NYCTA, NYC, and the MTA in the Underlying Action are excess to proper exhaustion and full payment of the respective limits of the Colony Policy by means of a verdict, judgment, or settlement;

6.      Awarding judgment against Colony in an amount equal to the sums that Travelers incurred in defending the claims against Citnalta in the Underlying Action;

7.      Awarding judgment against Colony in an amount equal to the sums that Travelers incurred and continues to incur in defending the claims against NYCTA, NYC, and the MTA in the Underlying Action;

8.      Awarding judgment against Colony in an amount equal to any sums that Travelers may incur to resolve the claims and indemnify NYCTA, NYC, and the MTA in the Underlying Action;

9.      Granting an award in favor of Travelers for the costs of suit incurred herein; and

10.     Granting such other and further relief as the Court may deem just and proper.


Dated:  New York, New York
        February 21, 2024

USERY & ASSOCIATES

By: */s/ Petra Starr*_____
Petra Starr, Esq.
*Attorneys for Plaintiff—*
*The Travelers Indemnity Company*
Direct: 312.458.6292
Fax: 844.571.3789
Email: Pstarr@travelers.com

Please address all correspondence sent by
mail to:
P.O. Box 2996
Hartford, CT 06104-2996

Physical Address:
161 N. Clark Street, 10th Floor
Chicago, Illinois